FILED IN OPEN COURT
ON 10/8/2020 CB
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-444-1D(4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| ABDELFATAH KHADIR | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about March 17, 2015, in the Eastern District of North Carolina and elsewhere, the defendant, ABDELFATAH KHADIR, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a false statement under penalty of perjury regarding his naturalization application, that is:

   a. On Part 11, Question 14.D. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following . . . [b]adly hurting, or trying to hurt, a person on purpose?" he answered "No" when in fact, as he then knew, he had hurt a person on purpose when he committed assault with a deadly weapon inflicting serious injury on or about November 13, 2014, in Cumberland County, North Carolina.

   b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of assault with a deadly weapon inflicting serious injury and negligent child abuse inflicting serious physical injury on or about November 13, 2014, in Cumberland County, North Carolina.

1

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT TWO

On or about March 15, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, ABDELFATAH KHADIR, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by willfully making a material misrepresentation under oath during his naturalization interview, that is:

  a. On Part 11, Question 14.D. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following . . . [b]adly hurting, or trying to hurt, a person on purpose?" he answered "No" when in fact, as he then knew, he had hurt a person on purpose when he committed assault with a deadly weapon inflicting serious injury on or about November 13, 2014, in Cumberland County, North Carolina.

  b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of assault with a deadly weapon inflicting serious injury and negligent child abuse inflicting serious physical injury on or about November 13, 2014, in Cumberland County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

On or about March 15, 2016, in the Eastern District of North Carolina and elsewhere, ABDELFATAH KHADIR, did knowingly present and make under oath, and did knowingly subscribe as true under penalty of perjury under Title 28, United

2

Case 5:20-cr-00444-D   Document 1   Filed 10/08/20   Page 2 of 5

States Code, Section 1746, a false statement with respect to a material fact in a naturalization interview, that is:

   a. On Part 11, Question 14.D. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following . . . [b]adly hurting, or trying to hurt, a person on purpose?" he answered "No" when in fact, as he then knew, he had hurt a person on purpose when he committed assault with a deadly weapon inflicting serious injury on or about November 13, 2014, in Cumberland County, North Carolina.

   b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of assault with a deadly weapon inflicting serious injury and negligent child abuse inflicting serious physical injury on or about November 13, 2014, in Cumberland County, North Carolina.

All in violation of Title 18, United States Code, Section 1546(a).

## COUNT FOUR

On or about March 15, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, ABDELFATAH KHADIR, did knowingly make a false statement under oath during his naturalization interview, that is:

   a. On Part 11, Question 14.D. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following . . . [b]adly hurting, or trying to hurt, a person on purpose?" he answered "No" when in fact, as he then knew, he had hurt a person on purpose when he committed assault with a deadly weapon inflicting serious injury on or about November 13, 2014, in Cumberland County, North Carolina.

   b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you

3

were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of assault with a deadly weapon inflicting serious injury and negligent child abuse inflicting serious physical injury on or about November 13, 2014, in Cumberland County, North Carolina.

All in violation of Title 18, United States Code, Section 1015(a).

## COUNT FIVE

On or about March 25, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, ABDELFATAH KHADIR, did knowingly procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation causing his acquisition of citizenship, that is:

    a. On Part 11, Question 14.D. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following . . . [b]adly hurting, or trying to hurt, a person on purpose?" he answered "No" when in fact, as he then knew, he had hurt a person on purpose when he committed assault with a deadly weapon inflicting serious injury on or about November 13, 2014, in Cumberland County, North Carolina.

    b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of assault with a deadly weapon inflicting serious injury and negligent child abuse inflicting serious physical injury on or about November 13, 2014, in Cumberland County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT SIX

On or about March 25, 2016, in the Eastern District of North Carolina and elsewhere, the defendant, ABDELFATAH KHADIR, did knowingly procure evidence

4

of citizenship for himself, to which he was not entitled, that is, the defendant obtained Certificate of Naturalization # XXXXX1962 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

   a. On Part 11, Question 14.D. of his Application for Naturalization (Form N-400), in response to the question "Were you ever involved in any way with any of the following . . . [b]adly hurting, or trying to hurt, a person on purpose?" he answered "No" when in fact, as he then knew, he had hurt a person on purpose when he committed assault with a deadly weapon inflicting serious injury on or about November 13, 2014, in Cumberland County, North Carolina.

   b. On Part 11, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you ever committed, assisted in committing, or attempted to commit, a crime or offense for which you were not arrested?" he answered "No" when in fact, as he then knew, he had committed the crime and offense of assault with a deadly weapon inflicting serious injury and negligent child abuse inflicting serious physical injury on or about November 13, 2014, in Cumberland County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(b).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

F̸OREPERSON

DATE: 10-7-2020

ROBERT J. HIGDON, JR.
United States Attorney

BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney

5